IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAMELA TRUNZO, individually, )
ROBERT TRUNZO, individually, and )
GINA TRUNZO, a minor, by )
PAMELA and ROBERT TRUNZO, )
her parents and natural guardians, )
            Plaintiffs, )
                                   )
         v. )         CV-04-1789
                                   )
ALLSTATE INSURANCE COMPANY, )
            Defendant. )

MEMORANDUM ORDER

CONTI, District Judge

      Pending before the court is "Defendant's Motion for Reconsideration of the September 25, 2006 Memorandum Order" (the "motion for reconsideration") (Doc. No. 49) filed by Allstate Insurance Company ("defendant"). In the memorandum order, this court denied defendant's motion for summary judgment and granted a motion for partial summary judgment filed by Pamela, Robert and Gina Trunzo ("plaintiffs"). *Trunzo v. Allstate Insurance Company*, 2006 WL 2773468 (W.D.Pa. Sept. 25, 2006). In its motion for reconsideration, defendant essentially attempts to relitigate issues that it previously raised in the above-captioned action, and which were decided in the September 25, 2006 memorandum order of this court. The motion for reconsideration will be denied.

*Standard of Review*

A motion for reconsideration is granted only if one of three situations is shown: "(1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice." Reich v. Compton, 834 F.Supp. 753, 755 (E.D. Pa. 1993).

> Because of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided. . . . Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly.

Williams v. Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998).

*Discussion*

In support of its motion for reconsideration, defendant calls the court's attention to neither new evidence nor an intervening change in the applicable law. Instead, defendant bases its motion solely on the basis of "the need to correct a clear error of law or to prevent manifest injustice." (Doc. No. 49 at 2-5). In support of its motion, defendant makes three distinct arguments. First, defendant argues that the court erred in failing to properly construe the language of Allstate Automobile Insurance Policy Florida AU 109-2 (the "Policy"). Second, defendant argues that the court erred in denying its motion for summary judgment with respect to plaintiffs' claim under 42 PA. CONS. STAT. § 8371. Third, defendant contends that it was prejudiced by the court's failure to entertain an oral argument session before disposing of the motions for summary judgment. The court will address each argument in turn.

Defendant argues that the court failed to adopt a construction of the words "**auto we insure.**" In focusing on these three words, defendant fails to appreciate that the court construed more than just three words. In the memorandum opinion, the portions of the Policy being construed appear in italics. *Trunzo*, 2006 WL 2773468 at *3, n. 1. The Policy, in pertinent part, provides:

> **Definitions Used Throughout the Policy**
>
> The following definitions apply throughout the policy unless otherwise indicated. Defined terms are printed in bold face type.
>
> 1. **Allstate**, **we**, **us**, or **our** means the company shown on the Policy Declarations.
> 2. **Auto** means a land motor vehicle designed for use principally upon public roads.
> 3. **Resident** or **reside** means the physical presence in your household with the intention to continue living there. Your unmarried dependent children while temporarily away from home will be considered **resident(s)**, if they intend to continue to live in **your** household.
> 4. **Utility auto** means an auto of the pick-up body, sedan delivery or panel truck type. This auto must have a gross vehicle weight of 10,000 pounds or less, according to the manufacturer's specifications.
> 5. **You** or **your** means the policyholder named on the Policy Declarations and that policyholder's **resident** spouse.
>
> \*\*\*\*
>
> **Allstate** will pay for all damages an **insured person** is legally obligated to pay because of **bodily injury** or **property damage**.
>
> *Under these coverages, your policy protects an* **insured person** *from claims for accidents arising out of the ownership, maintenance or use, loading or unloading of the* **auto we** *insure.*
>
> *We will defend an* **insured person** *if sued as the result of a covered* **auto** *accident. We will defend that person at our own expense, with counsel of our choice and, may settle any claim or suit if we feel this is appropriate.* **We** *will not defend an* **insured person** *sued for damages which are not covered by this policy.*

\*\*\*\*

    2.    **Insured auto** means:

    \*\*\*\*

        d.    A non-owned **auto** used by you or a **resident** relative with the owner's permission. This **auto** must not be available or furnished for the regular use of an **insured person**; or

\*\*\*\*

    3.    **Insured person** means:
        a.    While using your **insured auto**
            (i)    **you**,
            (ii)    any **resident**, and
            (iii)    any other person using it with your permission;

        b.    *While using a non-owned **auto***
            *(i)*    ***you**,*
            *(ii)*    *any **resident** relative using a four wheel private passenger **auto** or **utility auto**; or*

        c.    Any other person or organization liable for the use of an **insured auto** if the **auto** is not owned or hired by that person or organization, provided the use is by an **insured person** under a. or b. above and then only for that person's acts or omissions.

(Doc. No. 32, App. A)(bold face type in original; emphasis added).

Although defendant focused its argument on the words "**auto we** insure," the court construed the italicized portions of the Policy. In the memorandum opinion, the court rejected defendant's argument that the words "**auto we** insure" incorporated the term "**insured auto**." *Trunzo*, 2006 WL 2773468 at \*5-9. It was expressly noted that the words "**auto**" and "**we**" were expressly defined within the Policy, and that they appeared in "bold face type." *Id.* at \*6. The court explained:

4

> "Auto" and "we" are not only defined terms, but they are printed "in bold face type." This indicates that they are used not for the purpose of incorporating the definition of a third term, but rather as terms of art in a manner consistent with their own independent definitions. In order to construe the Policy in the manner proposed by defendant, the court would have to read the definition of one term into a phrase which includes two distinct terms, each of which has its own definition.

*Id.* It is clear that the terms "**auto**" and "**we**" were construed in conformity with the definitions in the Policy, and that the phrase "**auto we** insure" did not incorporate the term "**insured auto**." The word "insure," as it appears in the phrase "**auto we** insure," is used as a verb. The term "**insured auto**," which appears as a noun, is expressly defined in the Policy. The phrase "**auto we** insure" does not incorporate the words "with the owner's permission," since those words appear only in the definition of the term "**insured auto**." The phrase "**auto we** insure" is properly construed to mean "a land motor vehicle designed for use principally upon public roads" that is insured by "the company shown on the Policy Declarations."[1] Such a vehicle is *insured* when it is operated by an "**insured person**." The question whether one is an "**insured person**," of course, sometimes depends on whether he or she is operating an "**insured auto**."

Since the applicable insuring language did not use the term "**insured auto**," the court had to look to the Policy as a whole in order to determine whether coverage was precluded. The Policy expressly provides: "We will defend an **insured person** if sued as the result of a covered **auto** accident." (Doc. No. 32, App. A)(bold face type in original). The court noted that

---

[1] Under Florida law, "[w]hen language in an insurance policy is ambiguous, a court will resolve the ambiguity in favor of the insured by adopting the reasonable interpretation of the policy's language that provides coverage as opposed to the reasonable interpretation that would limit coverage." *Travelers Indemnity Co. v. PCR Inc.*, 889 So.2d 779, 785 (Fla. 2004). The court's construction of the Policy is in conformity with this rule, given the ambiguous nature of the contractual language at issue.

definitions 3.a. (using insured auto) and 3.c. (others listed for use) of the term "**insured person**" expressly used the term "**insured auto**," while definition 3.b. (using non-owned auto) did not. *Trunzo*, 2006 WL 2773468 at *5-6. Therefore, Micaela DeSouza qualified as an "**insured person**" even though she was not operating an "**insured auto**" at the time of the accident.[2] Furthermore, the language of the Policy does not state that a "covered **auto** accident" must involve an "**insured auto**." For this reason, the court rejected defendant's contention that the Policy required the involvement of both an "**insured person**" and an "**insured auto**" in order for coverage to exist.[3] *Id.*

Defendant again argues that the court's construction of the Policy is unreasonable because it would extend coverage to "any automobile anywhere in the world . . . including a stolen vehicle that Micaela DeSouza may have decided to drive." (Doc. No. 49 at 3). The court's treatment of this argument in the memorandum opinion is worth repeating:

> The difference between the two competing constructions is not as drastic as defendant suggests. A determination that Micaela was entitled to coverage solely on the basis of her status as an "insured person" would extend coverage to her regardless of whether she had Mylnar's permission to use his vehicle. Such a construction of the Policy would, as defendant asserts, "lead to the result that Allstate would cover Micaela DeSouza for her use of any vehicle owned by anyone anywhere in the United States." (Doc. No. 32 at 9). The construction advanced by defendant is also broad, with two qualifications. Under defendant's reading of the Policy, an "insured person" who uses a "non-owned auto" is covered for his or her "use of any vehicle owned by anyone anywhere in the United States," provided that: 1) the vehicle is used "with the owner's permission," and 2) it is not "available or furnished for the regular use of [that]

---

[2] For purposes of plaintiffs' motion for partial summary judgment, the court did not need to resolve whether Micaela had moved into her father's home as of the date of the accident. *Trunzo*, 2006 WL 2773468 at *4. The ultimate resolution of this issue will rest with the finder of fact.

[3] Under definitions 3.a. (using insured auto) and 3.c. (others listed for use), one must be operating an "**insured auto**" in order to qualify as an "**insured person**."

> insured person." Even under defendant's proposed construction, coverage would be limited more closely by the status of the person operating the vehicle than by the status of the vehicle itself.

*Trunzo*, 2006 WL 2773468 at *9 (brackets in original). Defendant's argument is nothing more than a repetition of the same contention that has already been rejected by the court.

Defendant's reliance on *Jones v. Utica Mutual Insurance Company*, 463 So.2d 1153 (Fla. 1985), is misplaced. In *Jones*, the Supreme Court of Florida did not hold that the interpretation of an insurance policy should be left to the jury. Instead, it stated that "the construction of an insurance policy is a question of law for the court." *Jones*, 463 So.2d at 1157. This court acknowledges that "it is for the jury to determine whether the facts of the case fall within the scope of coverage as defined by the court[.]" *Id.* That is precisely why the jury, rather than the court, will determine whether Micaela was a resident of her father's Florida household as of the date of the accident. The court has construed the contract, and the jury will determine "whether the facts of the case fall within the scope of coverage as defined by the court[.]" *Id.* The court's memorandum opinion is clearly in accordance with Florida law.[4]

Defendant's second argument is that the court erred in denying its motion for summary judgment with respect to plaintiffs' claim under 42 PA. CONS. STAT. § 8371. Defendant bases its argument on its purported "reasonable basis" for denying coverage. This "reasonable basis" was a statement by Micaela's father that she was not living with him at the time of the accident. Nevertheless, in a deposition, plaintiffs' counsel testified that he had spoken with Timothy J.

---

[4]The parties agree that Micaela was not a permissive user of the vehicle. If the court had construed the Policy in accordance with defendant's proposed construction, defendant would have been entitled to summary judgment. Since the court, as required by applicable Florida precedent, construed the Policy in accordance with plaintiffs' proposed construction, plaintiffs were entitled to partial summary judgment. The facts as to this issue are not in dispute. Therefore, defendant's assertion that this issue should be left to the jury is without merit.

McCarten, an Allstate employee, just three days prior to McCarten's letter denying coverage. (Doc. No. 39, Ex. J at 72). Plaintiffs' counsel testified that this conversation put defendant on notice of information that would undermine the credibility of its "reasonable basis" for denying coverage, and that further inquiry was needed. *Id.* In *Condio v. Erie Insurance Exchange*, 899 A.2d 1136 (Pa. Super. Ct. 2006), the Pennsylvania Superior Court explained that "if evidence arises that discredits the insurer's reasonable basis, the insurer's duty of good faith and fair dealing requires it to reconsider its position and act accordingly, all the while remaining committed to engage in good faith with its insured." *Id.* at 1145 (internal quotation marks omitted).

Plaintiffs presented evidence, in the form of their counsel's affidavit, that defendant was made aware of circumstances that would undermine the basis for its impending denial of coverage. At the summary judgment stage, with respect to the disputed facts, the court was required to draw all justifiable inferences in favor of plaintiffs, since they were the nonmoving parties. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Accordingly, the court properly concluded that "a reasonable jury could conclude, on the basis of clear and convincing evidence, that defendant's decision to discontinue its investigation and to deny coverage at the time that it did was made in bad faith." *Trunzo*, 2006 WL 2773468 at *16; *Condio*, 899 A.2d at 1143 ("Bad faith must be shown by clear and convincing evidence.").

Defendant's third argument is that it was prejudiced by the court's failure to comply with Local Rule of Court 7.1(F), which states that "[a]ny [dispositive] motion that is not resolved within 90 days of its filing shall be scheduled for oral argument by the clerk of court." While it is true that the case was not orally argued, defendant has made no showing that it was prejudiced

8

by the failure of the clerk to schedule an oral argument. The court has now considered defendant's arguments again, and finds they are without merit. Under these circumstances oral argument would not be of benefit to the court or the parties.

*Conclusion*

For the reasons set forth above, and in the September 25, 2006 memorandum order entered in the above-captioned civil action, this motion for reconsideration shall be and hereby is **DENIED**. This case will be set for trial at the conference to be held on December 15, 2006 at 3:45 p.m.

By the court,

/s/ Joy Flowers Conti
Joy Flowers Conti
U.S. District Judge

Dated: December 1, 2006

cc:     Counsel of record